United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10829
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYNICE NICOLE HALL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-20-2
--------------------

Before DEMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

Tynice Nicole Hall appeals her conviction following a jury trial for conspiracy and substantive drug offenses involving powder and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c); and receipt of firearms by a person under felony indictment, in violation of 18 U.S.C. §§ 924(a)(1)(D) and 922(n). She first argues that the evidence was insufficient to support her conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewed in the light most favorable to the verdict, the evidence at trial showed that Hall's residence was used as a stash house for drugs by her boyfriend, who was the main target of the investigation.  Police surveillance revealed that Hall's boyfriend visited her residence before providing drugs to cooperating individuals.  Police found large quantities of crack and powder cocaine inside Hall's bedroom, where Hall was found alone on the day of the arrest.  Two loaded firearms, one in Hall's dresser and one in a bag near the bed, were also found in the bedroom in close proximity to the drugs.

Inside Hall's kitchen trash bag police found 12 one-kilogram wrappers and numerous baggies with cocaine residue.  They also discovered a large quantity of baking soda in the kitchen. Hall's clothing tested positive for the presence of cocaine. Hall showed police several hiding places in the house used to store cocaine and told the officers how many wrappers were in her trash and how many rounds were loaded in one of the firearms. She further gave several incriminating statements to police after her arrest, admitting that her boyfriend used her home to store and cook his drugs and conduct drug transactions.

Based on the evidence presented a rational jury could conclude that Hall agreed to allow her boyfriend to use her home as a base of operation for his drug business and knowingly participated in the conspiracy.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Paul, 142 F.3d 836, 840

(5th Cir. 1998); <u>United States v. Jaramillo</u>, 42 F.3d 920, 923 (5th Cir. 1995). The same evidence supporting the conspiracy conviction is also sufficient to support the conviction for the underlying substantive drug offenses. <u>See</u> <u>United States v. Pompa</u>, 434 F.3d 800, 807 (5th Cir. 2005). A rational jury could also conclude that Hall possessed the two loaded firearms in furtherance of the drug trafficking offenses. <u>See</u> <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 414-15 (5th Cir. 2000). Because Hall has not briefed the sufficiency of the evidence with respect to the offense of receipt of firearms by a person under felony indictment, that issue is deemed abandoned. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hall next argues that her 360-month sentence for the drug offenses is unreasonable because it does not comport with the sentencing factors of 18 U.S.C. § 3553(a). After <u>United States v. Booker</u>, 543 U.S. 220 (2005), district courts must consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a) before imposing a sentence. <u>United States v. Mares</u>, 402 F.3d 511, 518-19 (5th Cir. 2005). The district court here sentenced Hall at the bottom of the guideline range for the drug offenses and expressly indicated that the sentence was meant to provide adequate deterrence and promote respect for the law. The court also indicated that it had considered all the § 3553(a) factors. The court heard numerous witnesses at sentencing and argument from defense counsel. The court's sentencing colloquy

indicate that the court considered the § 3553(a) factors and exercised its discretion to impose a sentence at the bottom of the guideline range.  Hall has not shown that the sentence is unreasonable.  See Mares, 402 F.3d at 518-19.

Finally, Hall argues that the district court failed to make sufficient findings at sentencing to support an adjustment for obstruction of justice.  The district court found that Hall had testified falsely at trial concerning material facts, and it applied the enhancement due to Hall's perjury.  Although the court did not explicitly address each element of perjury, its finding in light of the immediately preceding discussion with counsel for the Government and for Hall sufficiently encompassed the factual findings necessary for perjury.  See United States v. Dunnigan, 507 U.S. 87, 94-95 (1993); United States v. Creech, 408 F.3d 264, 270 (5th Cir. 2005); U.S.S.G. § 3C1.1.

AFFIRMED.